UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**STRIKE 3 HOLDINGS, LLC,**

                        **Plaintiff,**                       **MEMORANDUM
AND ORDER**

              **-against-**                           **22-CV-1138 (HG)**

**JOHN DOE SUBSCRIBER ASSIGNED IP
ADDRESS 96.224.248.73,**

                        **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On March 2, 2022, plaintiff Strike 3 Holdings, LLC ("plaintiff") commenced this action against John Doe, subscriber assigned IP address 96.224.248.73 ("defendant"), alleging copyright infringement of plaintiff's adult motion pictures. See Complaint (Mar. 2, 2022), Electronic Case Filing Docket Entry ("DE") #1. On April 1, 2022, this Court granted plaintiff's motion for leave to serve a third-party subpoena on service provider Verizon Fios to discover the name and address of the John Doe defendant. See Order (Apr. 1, 2022).

On August 23, 2022, after learning defendant's identity from Verizon Fios, plaintiff filed an Amended Complaint that redacted defendant's name, address, and the allegations that connect defendant to the infringement. See Amended Complaint (Aug. 23, 2022), DE #8. By letter-motion filed on the same day, plaintiff requested leave to file *ex parte* an unredacted version of the Amended Complaint, Amended Civil Cover Sheet, and Proof of Service/Waiver of Service. See (*Ex Parte*) Letter Motion for Leave to Electronically File Document *Ex Parte* (Aug. 23, 2022), DE #9. Plaintiff sought to maintain defendant's anonymity based on

"[d]efendant's (presumed) strong interest in privacy concerning these allegations, which touch upon matters of a sensitive and highly personal nature." Id. at 3. On August 26, 2022, this Court provisionally granted plaintiff's application to file its submissions *ex parte*, and directed defendant to show cause why the Amended Complaint and related documents should not be filed publicly in unredacted form, and the name of defendant substituted for John Doe. See Order (Aug. 26, 2022). The Court subsequently extended plaintiff's time to complete service and extended defendant's time to respond to the show cause order. See Order (Aug. 31, 2022).

By letter dated October 27, 2022, plaintiff advised the Court that defendant had been served personally with process and the Court's orders, but that defendant has not contacted plaintiff's counsel regarding this matter. See Letter from John C. Atkin, Esq. (Oct. 27, 2022) at 1, DE #19.[1] Under Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188 (2d Cir. 2008). Moreover, parties' pleadings in a civil action are subject to a strong presumption of public access. See Bernstein v. Bernstein Litowitz Berger & Grossmann, LLP, 814 F.3d 132, 141-43 (2d Cir. 2016). "Broad and general findings and conclusory assertions are insufficient to justify deprivation of public access to the record." Id. at 144-45 (internal quotation marks and citation omitted). Rather, "specific, on-the-record findings" are required in order to seal such documents. Id. at 145 (internal quotation marks and citation omitted).

---

[1] Plaintiff also sent defendant the Court's orders by regular and certified mail. See id. The certified mail package was returned to the sender as undeliverable, but the regular mailing was not returned. See id.

"Lawsuits are public events and the risk that a party may suffer some embarrassment is not enough to justify anonymity." Stankiewicz v. Universal Commerce Corp., 16-cv-2050 (JGK), 2017 WL 3671040, at *1 (S.D.N.Y. Aug. 9, 2017) (internal quotation marks and citation omitted). Although granted ample opportunity to do so, defendant has failed to come forward to make a showing as to his or her need for privacy. In these circumstances, the presumption of public access has not been overcome.

Accordingly, by December 20, 2022, plaintiff shall file an unredacted amended complaint that includes defendant's identity. See Order (Sept. 27, 2022) in Strike 3 Holdings, LLC v. Cacciapaglia, 22-cv-3965 (BMC); Order (Dec. 3, 2021) in Strike 3 Holdings, LLC v. Doe, 21-cv-2412 (FB). Plaintiff is directed to promptly serve a copy of this Order on defendant.

**SO ORDERED.**

**Dated:**    **Brooklyn, New York**
         **December 13, 2022**

/s/    *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**